UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-81260-ALTMAN
MAGISTRATE JUDGE REID

ARLISTER SHERRON RUSH,

      Petitioner,

v.

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I.    Introduction

This matter is before the Court upon a petition for writ of habeas corpus [ECF No. 1], filed pursuant to 28 U.S.C. § 2254, by *pro se* Petitioner, Arlister Rush, a convicted state felon, challenging the constitutionality of his conviction and sentence for attempted second degree with a firearm, the result of a guilty verdict in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County Case No. 2013CF005691AXX.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Fla. Admin. Order 2019-2 and Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

The Court reviewed the petition [ECF No. 1], as well as, Petitioner's on-line criminal trial and appellate dockets. Copies of these records are being made part of the Court's record by separate order.[1] For the reasons set forth below, the instant petition is due to be dismissed as time barred.

## II.    Claims

Construing the § 2254 motion liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Petitioner raises the following grounds for relief:

1. His lawyer was ineffective for failing to file a motion to dismiss the charges based on the prosecutor's failure to disclose exculpatory information [ECF No. 1 at 7];

2. His lawyer was ineffective for failing to call Nathaniel Lennon as a witness and for failing to obtain his cell phone record for trial [ECF No. 1 at 11];

3. His lawyer was ineffective for failing to obtain and present videotapes during his trial [ECF No. 1 at 13];

4. His lawyer was ineffective for failing to adequately and thoroughly advise him about testifying in his own defense [ECF No. 1 at 18];

[1] The court takes judicial notice of these dockets. *See* Fed. R. Evid. 201; *see also United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) (finding the district court may take judicial notice of the records of inferior courts).

2

5. His lawyer was ineffective for failing to obtain Petitioner's cell phone records [ECF No. 1 at 20];

6. His lawyer was ineffective for failing to call an expert witness in gunshot damage [ECF No. 1 at 22];

7. His lawyer was ineffective for failing to call an expert witness in sound effects [ECF No. 1 at 24];

8. His lawyer was ineffective for failing to obtain the victim's cell phone records [ECF No. 1 at 26]; and,

9. The cumulative effect of counsel's errors deprived him of his right to a fair trial. [ECF No. 1 at 28].

### III.   Applicable Law

The Antiterrorism and Effective Death Penalty Act, commonly referred to as "AEDPA," governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998) (*per curiam*). AEDPA imposes a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). Specifically, AEDPA provides that the limitations period shall run from the latest of —

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

## IV.   Procedural History

In 2014, in Palm Beach County Case No. 2013CF005691AXX, a jury found Petitioner guilty of attempted first-degree murder with a firearm. [*See* Palm Beach Docket ("PBD"), DE#87]. Petitioner was sentenced to a term of life imprisonment. [*Id*., DE#106]. Florida's Fourth District Court of Appeal ("Fourth DCA") *per curiam* affirmed Petitioner's judgment of conviction without written opinion on February 9, 2017. *See Rush v. State*, 229 So.3d 1244 (Fla. 4th DCA 2017) (Table).

On February 1, 2019, Petitioner filed a motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800(a), wherein he argued that his life sentence was

4

illegal because the Court failed to impose the statutory twenty-year minimum mandatory sentence for discharging a firearm. [PBD, DE#188]. The trial court granted the motion and entered a new amended sentence order which included the twenty-year mandatory minimum on February 14, 2019. [*Id.,* DE#192]. Petitioner did not appeal this new sentence. Accordingly, his new judgment of conviction became final on March 14, 2019, when thirty-day period to file a direct appeal expired. *See* Fla. R. App. P. 9.110(b); *see generally Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (concluding that the "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence."). Therefore, the federal limitations period under the AEDPA began running on **March 14, 2019.**[2]

Thus, Petitioner had one year from the time his conviction became final on **March 14, 2019,** or until **March 14, 2020,** to timely file his § 2254 petition. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing *Ferreira*, 494 F.3d at 1289 n.

---

[2] For purposes of this Report, the Court assumes, without deciding, that the new sentence issued by the trial court, following the grant of Petitioner's motion to correct illegal sentence, constituted a new judgment for purposes of the AEDPA. *See e.g. Thompson v. Fla. Dep't of Corr.*, 606 F. App'x 495, 505 (11th Cir. 2015). Accordingly, any postconviction motions or appeals that concluded prior to the entry of the new sentence have no effect on the one-year statute of limitations that began to run anew after the new sentence was entered.

1 (noting that limitations period should be calculated using "the anniversary date of the triggering event")).

Given the foregoing background, and considering Petitioner's arguments liberally, as afforded *pro se* litigants, it appears that on August 20, 2019, approximately six months after his conviction became final on **March 14, 2019**, Petitioner returned to the trial court, filing a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. [PBD, DE#196]. The trial court promptly denied the motion as untimely. [*Id.*, DE#197]. On appeal, the Fourth DCA *per curiam* affirmed the denial of the motion. *See Rush v. State*, 288 So.3d 661 (Fla. 4th DCA 2020) (Table). The proceedings concluded when the mandate issued on February 17, 2020. [*See* Fourth DCA Docket]. Notably, these proceedings did not serve to toll the federal statute of limitations because the Rule 3.850 motion was denied by the trial court as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (finding that untimely postconviction petitions under state law are not "properly filed" for purposes of tolling the statute of limitations).

Accordingly, from the time Petitioner's judgment of conviction became final on **March 14, 2019**, **309 days** of the federal statute of limitations elapsed before Petitioner filed another motion to correct illegal sentence under Fla. R. Crim. P. 3.800(b) on **January 17, 2020**. [PBD, DE#206]. The trial court denied the motion; and denied Petitioner's motion for rehearing on March 23, 2020. [PBD, DE#212].

Petitioner did not file an appeal of the order denying rehearing. Accordingly, the Rule 3.800(b) proceedings concluded on **April 22, 2020**, when the thirty-day period to file an appeal of the order expired. *See Cramer v. Secretary, Dep't of Corr.*, 461 F.3d 1380, 1384 (11th Cir. 2006) (finding that the time during which a habeas petitioner could have sought appeal of the denial of a postconviction motion tolled AEDPA's one-year limitations period even though petitioner did not seek appellate review of the denial order).

From the conclusion of the Rule 3.800(b) proceedings on **April 22, 2020,** an additional **99 days** of the statute of limitations elapsed before Petitioner came to this Court on **July 30, 2020**, filing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1 at 36].[3]

## V.    Discussion

A. <u>Statutory Tolling</u>

Based on the procedural history above, there were approximately **408 days** during which there were no state post-conviction proceedings pending related to the instant case. Accordingly, Petitioner failed to comply with the one-year limitation period established in § 2244(d)(1)(A). Petitioner has not claimed that any of the other statutory provisions of § 2244(d)(1) extended the time for filing in this case.

---

[3] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); *see* Fed. R. App. P. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing.").

B. <u>Equitable Tolling</u>

Given the above, this case is due to be dismissed unless Petitioner can establish that equitable tolling of the limitations period is warranted.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole v. Warden*, 768 F.3d 1150, 1158 11th Cir. 2014) (*quoting Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d

1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Here, Petitioner asserts that he "had limited time to prepare the petition" at his institution of confinement because his access to the law library has been limited to "two days a week for two hours." [ECF No. 1 at 33-34]. Other than his conclusory allegations, he fails to show how his inability to access the law library "thwarted his efforts to file a timely federal proceeding." *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). Moreover, Petitioner is not entitled to equitable tolling because of his lack of legal training. *See e.g. Miller v. Florida*, 307 F. App'x 366, 368 (11th Cir. 2009). Accordingly, Petitioner has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling" in this case. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1289 (11th Cir. 2002).

This Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of un-tolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

C. <u>Actual Innocence Gateway for Untimely Filing</u>

If Petitioner means to argue here or in objections that he is entitled to review on the merits because of "actual innocence," it is now well settled that actual innocence may also serve to overcome the procedural bar caused by an untimely filing. To succeed on a claim of actual innocence, however, Petitioner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

As applied here, Petitioner presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." *See House v. Bell*, 547 U.S. at 521, 536-37. Further, Petitioner has failed to demonstrate that he is entitled to statutory or equitable tolling of the federal limitations period. Thus, this § 2254 petition should be dismissed as time barred.

## VI. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the Petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *Schriro v. Landrigan*, 550 U.S.

465, 474 (2007); *Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016), *cert. den'd*, 137 S. Ct. 2245 (2017). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted here.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon consideration of the record, this court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

## VIII. Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied at time-barred, that no Certificate of Appealability issue and the case be closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

SIGNED this 24th day of August, 2020.


_____
UNITED STATES MAGISTRATE JUDGE

cc:    Arlister Sherron Rush
        612017
        Okeechobee Correctional Institution
        Inmate Mail/Parcels
        3420 NE 168th Street
        Okeechobee, FL 34972
        PRO SE

        Noticing 2254 SAG Broward and North
        Email: CrimAppWPB@MyFloridaLegal.com